Daniel Lickel (SBN 224510)
3533 Fairmount Ave.
San Diego, CA 92105
Phone: (858) 952-1033
Fax:  (619) 546-0792

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Trevor Korbol, Lesli Rydlek<br><br>Plaintiff(s),<br><br>vs.<br><br>Rachael Callahan,  Callahan Firm, APC,<br><br>Defendants. | CASE NO.  '21CV354 L    AHG<br><br>**COMPLAINT FOR DAMAGES FOR:<br>(1) VIOLATIONS OF THE FEDERAL<br>FAIR DEBT COLLECTION PRACTICES<br>ACT, *15 United States Code § 1692 et seq.*;** |

## **INTRODUCTION**

1.      Plaintiffs Trevor Korbol and Lesli Rydlek, through Plaintiff's counsel, brings this action to challenge the acts of Defendants Rachael Callahan and the Callahan Firm, APC, under the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA") regarding attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs causing Plaintiffs damages.

2.      Essentially, filed an unlawful detainer action based on a three day notice to pay rent or quit that demanded more rent than was due by Plaintiffs at the time of service of the three day notice and took other actions to collect that false debt after filing the complaint on February 28, 2020.

3.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's violations of the FDCPA.

5.     Exercise of personal jurisdiction over Defendant comports with the traditional notions of fair play and substantial justice given that Defendant systematically and continuously does business in the State of California and was doing such business with respect to the facts that arise in this case.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to this claim occurred within the Southern District of California.

## PARTIES

7.     Plaintiffs are natural persons and adults, who at all times relevant to this action were resident in San Diego County, California.

8.     Plaintiffs are informed, believe, and thereon allege that Defendant Rachael Callahan is an individual doing business under the name San Diego Evictions in the state of California.  Defendant does business by regularly filing eviction actions to collect unpaid rent and sending collection letters to residents of the County of San Diego.

9.     Plaintiffs are informed, believe, and thereon allege that Defendant Callahan Firm, APC is a professional corporation doing business in the state of California.  Defendant does business by regularly filing eviction actions to collect unpaid rent and sending collection letters to residents of the County of San Diego.

10.     Each Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection

of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

11.    Each Defendant has claimed that Plaintiffs are obligated to pay a debt, and therefore Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

12.    The alleged debts were primarily for personal, family or household purposes and were therefore a "debt" as that term is defined at 15 U.S.C. §1692a(5).

### FACTS

13.    On February 28, 2020, Defendant Callahan filed an action against Plaintiffs in the California Superior Court case no. 37-2020-00011302-CL-UD-CTL citing a cause of action for unlawful detainer based on non-payment of rent for a residential property.  A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

14.    After the aforementioned complaint was served, Defendants sent a letter that it mailed to Plaintiffs stating that Defendants were debt collectors and that "An eviction lawsuit (unlawful detainer) has been filed against you regrding the debt indicated above by Callahan Firm APC."  A true and correct copy of that letter is attached hereto as **Exhibit 2**.

15.    The letter attached is dated February 26, 2020.  The words in the letter stating, "An eviction lawsuit (unlawful detainer) has been filed against you regarding the debt indicated above by Callahan Firm APC" led Plaintiffs to file this action on February 27, 2021 before the anniversary of the filing of the Unlawful Detainer Complaint with the belief that the letter correctly stated that it was mailed after the filing of the complaint on February 28, 2020.

16.    Plaintiffs defended against the civil unlawful detainer action for non-payment of rent for a little less than a year when it was finally dismissed on the eve of a scheduled jury trial in the San Diego Superior Court.

17.     The Defendants violated the FDCPA by representing in the unlawful detainer complaint that the amount of rent owed on the three day notice to pay rent or quit was due in full, namely $8,250.00 for the months of December 2019 and January 2020 and February 2020.

18.     The truth was that no more than $8,120.00 was owed based on the application of Civil Code section 1947.12, and the amount was likely even less than that based on the defense asserted by Plaintiffs to the eviction action that the original rent increase was retaliatory.

19.     The complaint falsely alleged that Plaintiff's rent for the months of January and February 2020 was $2,750.00 when in fact it was no more than $2,680.00 by reason of the application of Civil Code section 1947.12 which placed a rent cap on the maximum permissible rent increase allowed by a landlord in California.

20.     Civil Code section 1947.12 acknowledges exemptions for certain landlords, but the only exemption available to the Plaintiffs' landlord had not been exercised prior to the filing of the unlawful detainer action.  Attached as **Exhibit 3** is a true and correct copy of Civil Code section 1947.12.  Attached as **Exhibit 4** is a true and correct copy of the consumer price indices relied upon by Civil Code section 1947.12.

21.     California Law requires that a landlord strictly comply with the requirements for eviction provided in Civil Code section 1161(2) with respect to the nonpayment of rent.  Where a three day notice to pay rent or quit overstates rent by even as little as 5 dollars, the notice is invalid and any attempt to evict the tenants based on the defective notice is denied.

22.     Here the rent was overstated by a total of $140.00.  Plaintiffs raised the defense in their answer of Civil Code section 1947.12 and in subsequent communications and pleadings filed and delivered through their attorney in the Action; however, Defendants did not relent in their pursuit of the unlawful detainer action until after nearly a year of litigation.

23.   Plaintiff suffered substantial emotional distress as result of being subjected to the eviction action based on an invalid notice overstating the rent by $140.00.  Furthermore, Plaintiff's incurred significant monetary damages, including attorney's fees and court costs incurred defending the eviction action.

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

24.   Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

25.   Based on information and belief, Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a.  *15 U.S.C. §1692e(2)(A)* by making a false representation of the character, amount, or legal status of the alleged debt;

    b.  *15 U.S.C. §1692e(5)* by threatening to take an action that cannot legally be taken or that is not intended to be taken;

    c.  *15 U.S.C. §1692e(10)* by making use of a false representation or deceptive means to collect or attempt to collect a debt;

    d.  *15 U.S.C. §1692(f )* by using unfair or unconscionable means to collect or attempt to collect a debt;

    e.  *15 U.S.C. §1692f(1)* by attempting to collect an amount not permitted by law; and

26.   As a proximate result of each and every violation of the FDCPA committed by Defendant, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

27.   As actual damages, Plaintiff claims emotional distress for which compensation should be paid in the amount of at least $15,000.00 and other monetary damages in the amount of at least $7,000.00.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and prays for the following relief:

1. An award of actual damages in the amount of at least $22,000.00 pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiffs according to proof at trial;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants and for Plaintiff Korbol;

3. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants and for Plaintiff Rydlek;

4. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiffs; and

5. Such other and further relief this court may deem just and proper.

## **JURY DEMAND**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

DATED: _2/27/2021___          /s/ Daniel Lickel

Attorney for Plaintiff

# EXHIBIT  1

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Rachael Callahan, Esq. (SBN: 275627)<br>3443 Camino Del Rio South, Suite 101<br>San Diego, CA 92108<br><br>TELEPHONE NO. (619) 299-1761   FAX NO. *(Optional)* (619) 297-9724<br>E-MAIL ADDRESS *(Optional):* rachael@sandiegoevictions.com<br>ATTORNEY FOR *(Name):* Plaintiff, Brenda Blais | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/28/2020** at 11:17:45 AM<br><br>Clerk of the Superior Court<br>By Iris Tellez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

PLAINTIFF: Brenda Blais

DEFENDANT: Trevor L. Korbol; Lesli A. Rydlek

[✓] DOES 1 TO ___10___

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [✓] COMPLAINT   [ ] AMENDED COMPLAINT *(Amendment Number):* _____ | 37-2020-00011302-CL-UD-CTL |

**Jurisdiction** *(check all that apply):*

[✓] **ACTION IS A LIMITED CIVIL CASE**
Amount demanded    [ ]   **does not exceed $10,000**
           [✓]   **exceeds $10,000 but does not exceed $25,000**

[ ] **ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint *(check all that apply):*
    [ ] from unlawful detainer to general unlimited civil (possession not in issue)    [ ] from limited to unlimited
    [ ] from unlawful detainer to general limited civil (possession not in issue)    [ ] from unlimited to limited

1. PLAINTIFF *(name each):*
   Brenda Blais

   alleges causes of action against DEFENDANT *(name each):*
   Trevor L. Korbol; Lesli A. Rydlek; DOES 1 TO 10

2. a. Plaintiff is   (1) [✓] an individual over the age of 18 years.   (4) [ ] a partnership.
             (2) [ ] a public agency.                   (5) [ ] a corporation.
             (3) [ ] other *(specify):*

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
   4722 Berwick Drive, San Diego, CA 92117, San Diego County

4. Plaintiff's interest in the premises is   [✓] as owner   [ ] other *(specify):*
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about *(date):* 10/01/2016      defendant *(name each):*
     Trevor L. Korbol; Lesli A. Rydlek

     (1) agreed to rent the premises as a   [ ] month-to-month tenancy   [✓] other tenancy *(specify):* 1 year lease
     (2) agreed to pay rent of $   2,500.00   payable [✓] monthly   [ ] other *(specify frequency):*
     (3) agreed to pay rent on the [✓] first of the month   [ ] other day *(specify):*
   b. This [✓] written   [ ] oral   agreement was made with
     (1) [✓] plaintiff.                (3) [ ] plaintiff's predecessor in interest.
     (2) [ ] plaintiff's agent.         (4) [ ] other *(specify):*

* **NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

Exhibit 1, Pg. 8

| PLAINTIFF *(Name):* Brenda Blais | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* Trevor L. Korbol; Lesli A. Rydlek | |

6. c. ☑ The defendants not named in item 6a are
     (1) ☐ subtenants.
     (2) ☐ assignees.
     (3) ☑ other *(specify):* All Unknown Occupants

  d. ☑ The agreement was later changed as follows *(specify):*
     Upon expiration of the initial lease term, the tenancy became a month-to-month tenancy.
     On 10/01/2019, the monthly rent was increased to $2,750.00.

  e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

  f. ☑ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
     (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
     (2) ☑ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☑ a. Defendant *(name each):*

    Trevor L. Korbol; Lesli A. Rydlek; All Unknown Occupants

    was served the following notice on the same date and in the same manner:
     (1) ☑ 3-day notice to pay rent or quit    (4) ☐ 3-day notice to perform covenants or quit
     (2) ☐ 30-day notice to quit          (5) ☐ 3-day notice to quit
     (3) ☐ 60-day notice to quit          (6) ☐ Other *(specify):*

  b. (1) On *(date):* 02/25/20        the period stated in the notice expired at the end of the day.
     (2) Defendants failed to comply with the requirements of the notice by that date.

  c. ☐ All facts stated in the notice are true.

  d. ☑ The notice included an election of forfeiture.

  e. ☑ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*

  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)*

8. a. ☑ The notice in item 7a was served on the defendant named in item 7a as follows:
     (1) ☐ by personally handing a copy to defendant on *(date):*
     (2) ☐ by leaving a copy with *(name or description):*
         a person of suitable age and discretion, on *(date):*     at defendant's
         ☐ residence ☐ business   AND mailing a copy to defendant at defendant's place of residence on
         *(date):*     because defendant cannot be found at defendant's residence or usual place of business.
     (3) ☑ by posting a copy on the premises on *(date):*  02/20/20   ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on
         *(date):* 02/20/20
         (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
         (b) ☑ because no person of suitable age or discretion can be found there.
     (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date):*
     (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.

  b. ☐ *(Name):*
     was served on behalf of all defendants who signed a joint written rental agreement.

  c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

  d. ☐ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| PLAINTIFF *(Name)*: Brenda Blais | CASE NUMBER: |
|---|---|
| DEFENDANT*(Name)*: Trevor L. Korbol; Lesli A. Rydlek | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☑ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 8,250.00

11. ☑ The fair rental value of the premises is $      91.66      per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure  section 1174(b).  *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☑ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's  tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**

a. possession of the premises.
b. costs incurred in this proceeding.
c. ☑ past-due rent of $ 8,250.00
d. ☑ reasonable attorney fees.
e. ☑ forfeiture of the agreement.

f. ☑ damages at the rate stated in item 11 from *(date):*      03/01/20      for each day that defendants remain in possession through entry of judgment.

g. ☐ statutory damages up to $600 for the conduct alleged in item 12.

h. ☑ other *(specify):* Past due holdover damages in amount to be determined by the Court. All further relief the Court deems just and proper.

18. ☑ Number of pages attached *(specify):*      4

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

19. *(Complete in all cases.)* An unlawful detainer assistant ☑ did **not** ☐ did  for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

a. Assistant's name:
b. Street address, city, and zip code:

c. Telephone No.:
d. County of registration:
e. Registration No.:
f. Expires on *(date):*

Date: 02/26/20

Rachael Callahan, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF )

UD-100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**

Page 3 of 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>VERIFICATION</u>**

I, the undersigned, certify and declare that I have read the foregoing Complaint for Unlawful Detainer and know its contents.  The statements following the checked statements are applicable.

1.     I am [✓] party to this action (or) [ ] an Officer (or) [ ] a partner (or) [ ] a member (or)

      [ ] an agent of the Plaintiff and am authorized to make this verification.

      [ ] I make this verification instead of the named Plaintiff(s) in this action because

      [ ] I have greater knowledge of the facts than the party to this action and/or [ ] the party to this action is unavailable to verification this complaint and/or [ ] (additional reason(s))_____

_____.

2.     [✓] (For Party or Agent with Personal Knowledge) The allegations in this pleading are true of my own knowledge, except as to the matters which are therein stated on my information and belief.

      [ ] (For Officer/Member) I have read the pleading and I am informed and believe that the matters therein are true, and on that ground, I allege that the matters stated therein are true.

3.     The Notice(s) that the Complaint is based upon is(are):

[✓] 3-day notice(s) [ ] 30-Day Notice [ ] 60-day Notice [ ] 90-day Notice

[ ] Other _____.

The daily damage value is $ 91.66 _____.

The Property Address is 4722 Berwick Drive, San Diego, CA 92117 _____,

San Diego County.

4.     I request that a facsimile signature be accepted and admissible as original pursuant to California Rule of Court 2.305(d).

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct to the best of my knowledge.

I execute this verification on 02/26/20 _____, at Spring Valley _____, California.

_Brenda L. Blais_
_____
Brenda Blais

Exhibit 1, Pg. 11

**VERIFICATION OF THE COMPLAINT**

## THREE (3) DAY NOTICE TO PAY RENT OR QUIT

TO: Trevor L. Korbol; Lesli A. Rydlek                                                                    ;

AND ALL OTHERS IN POSSESSION:

PLEASE TAKE NOTICE that within three days after service of this notice upon you, you are required to pay the rent now due and owing on the premises located at 4722 Berwick Drive, San Diego, CA 92117

_____ (address), in the amount of ($ 8250.00 ), representing the rent as follows:

From December 1, 2019 to January 1, 2020 ($ 2750.00 )     **Period to pay excludes Saturdays, Sundays, and

From January 1, 2020 to February 1, 2020 ($ 2750.00 )     Judicial Holidays.

From February 1, 2020 to March 1, 2020 ($ 2750.00 )

From _____ to _____ ($_____)

From _____ to _____ ($_____)

From _____ to _____ ($_____)

YOU ARE FURTHER NOTIFIED that within Three (3) business days after service of this Notice on you, you must pay the amount of said rent in full or quit said premises and deliver up possession of the same to the landlord/agent or the landlord/agent will institute legal proceedings for an unlawful detainer against you to recover possession of said premises, to declare said lease or rental agreement forfeited and to recover rent and damages.

YOU ARE FURTHER NOTIFIED that by this Notice the landlord/agent elects to and does declare a forfeiture of said lease or rental agreement if said rent is not paid in full within the said three (3) business days.

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

PAYMENT OF RENT: (must be made to owner/agent as follows)      TODAY'S DATE: 2/20/2020

LANDLORD/AGENT: Brenda Blais

PERSON TO PAY: Brenda Blais or Ronald Blais

ADDRESS: 3181 Wache Drive, Spring Valley, CA 91978

TELEPHONE NO.: (858) 717-2674

A. [X] Payments may be delivered in person to the above address. Be further advised that the usual business days and hours to make rent payments at said address are:

[X] Monday [X] Tuesday [X] Wednesday [X] Thursday [X] Friday between the hours of 9:00am and 5:00pm ; [ ] Saturday between the hours of _____ and _____ ; [ ] Sunday between the hours of _____ and _____ .

B. [X] Rent may be paid by mail. It will be determined the that rent is received by Owner/Agent on the date of mailing as postmarked. Please MAIL TO: 3181 Wache Drive, Spring Valley, CA 91978 (***Please note: If the address to pay is a Post Office Box, it must be mailed ONLY. No personal delivery)

C. [ ] Rent payments may be made to this financial institution (address):_____
Account No. _____ Routing No. _____

D. [ ] OTHER: _____

3443 Camino Del Rio South, Ste. 101
San Diego, CA 92108
info@sandiegoevictions.com



Office Phone (619) 299-1761
Toll Free: 844-SD-EVICT
Fax: 844-733-8428

Exhibit 1, Pg. 12

www.sandiegoevictions.com (See Other Forms)

# EXHIBIT   2

Case 3:21-cv-00354-L-AHG   Document 1   Filed 02/27/21   PageID.14   Page 14 of 22

Rachael Callahan, Esq. - Owner/Principal
3443 Camino Del Rio S, Ste. 101
San Diego, CA 92108
619-299-1761 ex 101
619-297-9724 (fax)
Rachael@callahanfirm.com



CALLAHAN FIRM, APC
ATTORNEYS AT LAW

February 26, 2020

**This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Re:   Creditor:   Brenda Blais
      Property:   4722 Berwick Drive, San Diego, CA 92117
                  _____ (the "Property")

      Amount of    $8,250.00 __ (representing unpaid rent and related charges), and
      Debt:        for each day thereafter until possession of the Premises is returned
                   to Creditor.

An eviction lawsuit (unlawful detainer) has been filed against you regarding the debt indicated above by Callahan Firm APC, on behalf of Brenda Blais _____ (the "Creditor").  The information in this letter applies **ONLY** to your dealings with RACHAEL CALLAHAN, Esq. and CALLAHAN FIRM APC as a debt collector, **NOT** as the Creditor's attorney in the eviction lawsuit FILED AGAINST YOU.

THE INFORMATION IN THIS LETTER DOES NOT AFFECT YOUR DEALINGS WITH THE COURT IN THE EVICTION LAWSUIT, AND IN PARTICULAR IT DOES NOT CHANGE THE TIME INDICATED IN THE COURT SUMMONS WITHIN WHICH YOU MUST ANSWER OR OTHERWISE RESPOND TO THE EVICTION LAW SUIT THAT HAS BEEN FILED AGAINST YOU

The summons issued in the eviction lawsuit is a command from the court, not from RACHAEL CALLAHAN, ESQ., and **you must follow its instructions even if you dispute the validity or amount of the debt**. The disclosures in this letter also do not affect RACHAEL CALLAHAN, ESQ. relations with the court. As a lawyer, RACHAEL CALLAHAN, ESQ. may file papers in the eviction lawsuit according to the court's rules and the judge's instructions.

This firm represents the above-referenced Creditor. RACHAEL CALLAHAN, ESQ. is informed that you currently owe the creditor the sum of $91.66/day __ (representing unpaid rent and related charges), and for each day thereafter until possession of the Premises is returned to Creditor. **This is a communication from a debt collector**. Unless you notify RACHAEL CALLAHAN, ESQ. within thirty (30) days of receipt of this notice that you dispute the validity of this debt, or any portion thereof, RACHAEL CALLAHAN, ESQ. will assume the debt to be valid.  "The State Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection

Exhibit 2, Pg. 14

Office: 619-299-1761  –  Fax: 619-297-9724  –-  Email: Rachael@CallahanFirm.com  –  Web: www.CallahanFirm.com

Page 2 of 2

Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.

For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment.

For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov." Furthermore, if you notify RACHAEL CALLAHAN, ESQ. within thirty (30) days that you dispute the validity of the debt, or any portion thereof, RACHAEL CALLAHAN, ESQ. will send you verification of the debt. Additionally, should you notify us, in writing, within thirty (30) days requesting the name and address of the original creditor, said information shall be provided if different from the current creditor.  If you notify RACHAEL CALLAHAN, ESQ. that you refuse to pay the debt, or that you wish RACHAEL CALLAHAN, ESQ. to cease further communication with you, RACHAEL CALLAHAN, ESQ. will not communicate further with you with respect to such debt, except:

- As RACHAEL CALLAHAN, ESQ. is permitted or required to by State law, the court's rules and regulations and/or the judge's instructions regarding the eviction lawsuit that Creditor has filed against you regarding the debt.

- To notify you that RACHAEL CALLAHAN, ESQ. may invoke specified remedies, which are ordinarily invoked by RACHAEL CALLAHAN, ESQ.

- Where appropriate, to notify you that RACHAEL CALLAHAN, ESQ. intends to invoke a specific remedy.

- To advise you that efforts of RACHAEL CALLAHAN, ESQ. are being terminated

If notice from you is made by mail, notification shall be completed upon receipt. Please send all correspondence to the address shown above.

Cordially,

*[signature]*

Rachael Callahan Esq.

Exhibit 2, Pg. 15

# EXHIBIT  3

*California*
LEGISLATIVE INFORMATION

Home | Bill Information | California Law | Publications | Other Resources | My Subscriptions | My Favorites

Code: Select Code ▼   Section: 1 or 2 or 1001   [Search]   ⓘ

Up^ << Previous  Next >>     cross-reference chaptered bills     PDF | Add To My Favorites

Search Phrase: _____   [Highlight]

**CIVIL CODE - CIV**
   **DIVISION 3. OBLIGATIONS [1427 - 3273.16]**  *( Heading of Division 3 amended by Stats. 1988, Ch. 160, Sec. 14. )*
      **PART 4. OBLIGATIONS ARISING FROM PARTICULAR TRANSACTIONS [1738 - 3273.16]**  *( Part 4 enacted 1872. )*
         **TITLE 5. HIRING [1925 - 1997.270]**  *( Title 5 enacted 1872. )*

**CHAPTER 2. Hiring of Real Property [1940 - 1954.06]**  *( Chapter 2 enacted 1872. )*

**1947.12.** (a) (1) Subject to subdivision (b), an owner of residential real property shall not, over the course of any 12-month period, increase the gross rental rate for a dwelling or a unit more than 5 percent plus the percentage change in the cost of living, or 10 percent, whichever is lower, of the lowest gross rental rate charged for that dwelling or unit at any time during the 12 months prior to the effective date of the increase. In determining the lowest gross rental amount pursuant to this section, any rent discounts, incentives, concessions, or credits offered by the owner of such unit of residential real property and accepted by the tenant shall be excluded. The gross per-month rental rate and any owner-offered discounts, incentives, concessions, or credits shall be separately listed and identified in the lease or rental agreement or any amendments to an existing lease or rental agreement.

(2) If the same tenant remains in occupancy of a unit of residential real property over any 12-month period, the gross rental rate for the unit of residential real property shall not be increased in more than two increments over that 12-month period, subject to the other restrictions of this subdivision governing gross rental rate increase.

(b) For a new tenancy in which no tenant from the prior tenancy remains in lawful possession of the residential real property, the owner may establish the initial rental rate not subject to subdivision (a). Subdivision (a) is only applicable to subsequent increases after that initial rental rate has been established.

(c) A tenant of residential real property subject to this section shall not enter into a sublease that results in a total rent for the premises that exceeds the allowable rental rate authorized by subdivision (a). Nothing in this subdivision authorizes a tenant to sublet or assign the tenant's interest where otherwise prohibited.

(d) This section shall not apply to the following residential real properties:

(1) Housing restricted by deed, regulatory restriction contained in an agreement with a government agency, or other recorded document as affordable housing for persons and families of very low, low, or moderate income, as defined in Section 50093 of the Health and Safety Code, or subject to an agreement that provides housing subsidies for affordable housing for persons and families of very low, low, or moderate income, as defined in Section 50093 of the Health and Safety Code or comparable federal statutes.

(2) Dormitories owned and operated by an institution of higher education or a kindergarten and grades 1 to 12, inclusive, school.

(3) Housing subject to rent or price control through a public entity's valid exercise of its police power consistent with Chapter 2.7 (commencing with Section 1954.50) that restricts annual increases in the rental rate to an amount less than that provided in subdivision (a).

(4) Housing that has been issued a certificate of occupancy within the previous 15 years.

(5) Residential real property that is alienable separate from the title to any other dwelling unit, provided that both of the following apply:

(A) The owner is not any of the following:

(i) A real estate investment trust, as defined in Section 856 of the Internal Revenue Code.

(ii) A corporation.

(iii) A limited liability company in which at least one member is a corporation.

Exhibit 3, Pg. 17

(B) (i) The tenants have been ⌢vided written notice that the residential real ⌢erty is exempt from this section using the following statement:

"This property is not subject to the rent limits imposed by Section 1947.12 of the Civil Code and is not subject to the just cause requirements of Section 1946.2 of the Civil Code. This property meets the requirements of Sections 1947.12 (d)(5) and 1946.2 (e)(8) of the Civil Code and the owner is not any of the following: (1) a real estate investment trust, as defined by Section 856 of the Internal Revenue Code; (2) a corporation; or (3) a limited liability company in which at least one member is a corporation."

(ii) For a tenancy existing before July 1, 2020, the notice required under clause (i) may, but is not required to, be provided in the rental agreement.

(iii) For a tenancy commenced or renewed on or after July 1, 2020, the notice required under clause (i) must be provided in the rental agreement.

(iv) Addition of a provision containing the notice required under clause (i) to any new or renewed rental agreement or fixed-term lease constitutes a similar provision for the purposes of subparagraph (E) of paragraph (1) of subdivision (b) of Section 1946.2.

(6) A property containing two separate dwelling units within a single structure in which the owner occupied one of the units as the owner's principal place of residence at the beginning of the tenancy, so long as the owner continues in occupancy, and neither unit is an accessory dwelling unit or a junior accessory dwelling unit.

(e) An owner shall provide notice of any increase in the rental rate, pursuant to subdivision (a), to each tenant in accordance with Section 827.

(f) (1) On or before January 1, 2030, the Legislative Analyst's Office shall report to the Legislature regarding the effectiveness of this section and Section 1947.13. The report shall include, but not be limited to, the impact of the rental rate cap pursuant to subdivision (a) on the housing market within the state.

(2) The report required by paragraph (1) shall be submitted in compliance with Section 9795 of the Government Code.

(g) For the purposes of this section, the following definitions shall apply:

(1) "Consumer Price Index for All Urban Consumers for All Items" means the following:

(A) The Consumer Price Index for All Urban Consumers for All Items (CPI-U) for the metropolitan area in which the property is located, as published by the United States Bureau of Labor Statistics, which are as follows:

(i) The CPI-U for the Los Angeles-Long Beach-Anaheim metropolitan area covering the Counties of Los Angeles and Orange.

(ii) The CPI-U for the Riverside-San Bernardo-Ontario metropolitan area covering the Counties of Riverside and San Bernardino.

(iii) The CPI-U for the San Diego-Carlsbad metropolitan area covering the County of San Diego.

(iv) The CPI-U for the San Francisco-Oakland-Hayward metropolitan area covering the Counties of Alameda, Contra Costa, Marin, San Francisco, and San Mateo.

(v) Any successor metropolitan area index to any of the indexes listed in clauses (i) to (iv), inclusive.

(B) If the United States Bureau of Labor Statistics does not publish a CPI-U for the metropolitan area in which the property is located, the California Consumer Price Index for All Urban Consumers for All Items as published by the Department of Industrial Relations.

(C) On or after January 1, 2021, if the United States Bureau of Labor Statistics publishes a CPI-U index for one or more metropolitan areas not listed in subparagraph (A), that CPI-U index shall apply in those areas with respect to rent increases that take effect on or after August 1 of the calendar year in which the 12-month change in that CPI-U, as described in subparagraph (B) of paragraph (3), is first published.

(2) "Owner" and "residential real property" shall have the same meaning as those terms are defined in Section 1954.51.

(3) (A) "Percentage change in the cost of living" means the percentage change, computed pursuant to subparagraph (B), in the applicable, as determined pursuant to paragraph (1), Consumer Price Index for All Urban Consumers for All Items.

(B) (i) For rent increases that take effect before August 1 of any calendar year, the following shall apply:

(I) The percentage change shall be the percentage change in the amount published for April of the immediately preceding calendar year and April of the year before that.

(II) If there is not an amount published in April for the applicable geographic area, the percentage change shall be the percentage change in the amount published for March of the immediately preceding calendar year and March of the year before that.

(ii) For rent increases that take effect on or after August 1 of any calendar year, the following shall apply:

(I) The percentage change shall be the percentage change in the amount published for April of that calendar year and April of the immediately preceding calendar year.

(II) If there is not an amount published in April for the applicable geographic area, the percentage change shall be the percentage change in the amount published for March of that calendar year and March of the immediately preceding calendar year.

(iii) The percentage change shall be rounded to the nearest one-tenth of 1 percent.

(4) "Tenancy" means the lawful occupation of residential real property and includes a lease or sublease.

(h) (1) This section shall apply to all rent increases subject to subdivision (a) occurring on or after March 15, 2019.

(2) In the event that an owner has increased the rent by more than the amount permissible under subdivision (a) between March 15, 2019, and January 1, 2020, both of the following shall apply:

(A) The applicable rent on January 1, 2020, shall be the rent as of March 15, 2019, plus the maximum permissible increase under subdivision (a).

(B) An owner shall not be liable to the tenant for any corresponding rent overpayment.

(3) An owner of residential real property subject to subdivision (a) who increased the rental rate on that residential real property on or after March 15, 2019, but prior to January 1, 2020, by an amount less than the rental rate increase permitted by subdivision (a) shall be allowed to increase the rental rate twice, as provided in paragraph (2) of subdivision (a), within 12 months of March 15, 2019, but in no event shall that rental rate increase exceed the maximum rental rate increase permitted by subdivision (a).

(i) Any waiver of the rights under this section shall be void as contrary to public policy.

(j) This section shall remain in effect until January 1, 2030, and as of that date is repealed.

(k) (1) The Legislature finds and declares that the unique circumstances of the current housing crisis require a statewide response to address rent gouging by establishing statewide limitations on gross rental rate increases.

(2) It is the intent of the Legislature that this section should apply only for the limited time needed to address the current statewide housing crisis, as described in paragraph (1). This section is not intended to expand or limit the authority of local governments to establish local policies regulating rents consistent with Chapter 2.7 (commencing with Section 1954.50), nor is it a statement regarding the appropriate, allowable rental rate increase when a local government adopts a policy regulating rent that is otherwise consistent with Chapter 2.7 (commencing with Section 1954.50).

(3) Nothing in this section authorizes a local government to establish limitations on any rental rate increases not otherwise permissible under Chapter 2.7 (commencing with Section 1954.50), or affects the existing authority of a local government to adopt or maintain rent controls or price controls consistent with that chapter.

*(Amended by Stats. 2020, Ch. 37, Sec. 9. (AB 3088) Effective August 31, 2020. Repealed as of January 1, 2030, by its own provisions.)*

Exhibit 3, Pg. 19

# EXHIBIT   4



## U.S. BUREAU OF LABOR STATISTICS

# Databases, Tables & Calculators by Subject

**Change Output Options:**   From: 2018 ▾   To: 2020 ▾   GO

☐ include graphs   ☑ include annual averages

More Formatting Options ➡

Data extracted on: October 21, 2020 (3:31:06 AM)

**CPI for All Urban Consumers (CPI-U)**

Series Id:        CUURS49ESA0,CUUSS49ESA0
Not Seasonally Adjusted
Series Title:     All items in San Diego-Carlsbad, CA, all urban consumers, not seasonally adjusted
Area:             San Diego-Carlsbad, CA
Item:             All items
Base Period:      1982-84=100

Download: 🗂 .xlsx

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Annual | HALF1 | HALF2 |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|--------|-------|-------|
| 2018 | 288.331 | | 290.810 | | 289.243 | | 295.185 | | 295.883 | | 293.858 | | 292.547 | 290.076 | 295.018 |
| 2019 | 295.761 | | 297.226 | | 300.303 | | 299.333 | | 301.033 | | 301.520 | | 299.433 | 298.147 | 300.718 |
| 2020 | 302.564 | | 302.589 | | 301.317 | | 305.611 | | 304.443 | | | | | 302.040 | |

U.S. BUREAU OF LABOR STATISTICS  Postal Square Building  2 Massachusetts Avenue NE  Washington, DC 20212-0001

Telephone:1-202-691-5200_  Federal Relay Service:1-800-877-8339_  www.bls.gov   Contact Us

Exhibit 4, Pg. 21

Court's Ex. ___ 147
Case # 37-2020-11302
Rec'd _____
Dept _____ Clk _____

Bureau of Labor Statistics

**CPI for All Urban Consumers (CPI-U)**
**Original Data Value**

Serie  CUURS49ESA0,CUUSS49ESA0
**Not Seasonally Adjusted**
Serie  All items in San Diego-Carlsbad, CA, all
Area:  San Diego-Carlsbad, CA
Item:  All items
Base  1982-84=100
Years  2018 to 2020

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Annual | HALF1 | HALF2 |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|--------|-------|-------|
| 2018 | 288.331 | | 290.810 | | 289.243 | | 295.185 | | 295.883 | | 293.858 | | 292.547 | 290.076 | 295.018 |
| 2019 | 295.761 | | 297.226 | | 300.303 | | 299.333 | | 301.033 | | 301.520 | | 299.433 | 298.147 | 300.718 |
| 2020 | 302.564 | | 302.589 | | 301.317 | | 305.611 | | 304.443 | | | | | 302.040 | |

|      | **Percentage for March**<br>**year over year** |
|------|------------------------|
| 2019 | 0.022062515 |
| 2020 | 0.018043509 |

Source: Bureau of Labor Statistics

Generated on: October 21, 2020 (03:31:30 AM)

Exhibit 4, Pg. 22